*632 OPINION OF THE COURT
Thomas W. Keegan, J.
This is a motion by Capital Newspapers and Laura Vecsey to quash a subpoena ad testificandum, served by the District Attorney of Albany County on behalf of the People of the State of New York, dated September 6, 1990. The subpoena was issued to Laura Vecsey, a reporter for Capital Newspapers, which publishes the Times Union. The subpoena seeks to compel the reporter’s testimony at the trial of Michael S. Graver. The defendant is charged with two counts of murder in the second degree in the April 1989 strangulation death of his wife, Mary Ann.
On September 8, 1989, the Times Union published an article written by Laura Vecsey that contained excerpts of a telephone interview she conducted with the defendant, during which he admitted to accidentally killing his wife while under the influence of both drugs and alcohol. At the time of the telephone interview, which was requested by the Times Union, the defendant was confined to the Albany County Jail.
Capital Newspapers and Ms. Vecsey contend that the First and Fourteenth Amendments of the US Constitution; article I, § 8 of the NY Constitution and Civil Rights Law § 79-h (c) mandate that the court quash the subpoena.
In O’Neill v Oakgrove Constr. (71 NY2d 521), the Court of Appeals, while recognizing the reporter’s qualified privilege under both the US and NY Constitutions, held that the privilege may be overcome "if the litigant demonstrates, clearly and specifically, that the items sought are (1) highly material, (2) critical to the litigant’s claim, and (3) not otherwise available.” (Supra, at 527.)
In the context of a criminal case, it is obvious that any admissions by the defendant are highly material.
Capital Newspapers and Ms. Vecsey contend, however, that the second and third prong of the tripartite test have not been met, because defendant not only gave a statement to the police but also made certain admissions in a letter he wrote to the victim’s parents. What the movants have failed to consider is the uniqueness of each admission and their admissibility under the laws of New York State.
Although the defendant’s statement to the police was held to be admissible at trial by this court, the voluntariness of that statement remains a question of fact for the jury, who may choose to disregard it entirely under CPL 710.70. Should *633 this occur, the People argue, the testimony of Ms. Vecsey regarding the interview she conducted with the defendant and subsequently published becomes not only critical to the People’s case, but the sole available source of such information.
The letter written by defendant provides neither details of the crime nor its motivation and as such, is a poor alternative source of information.
Considering the materiality of the published interview, the "two-bite” rule on the issue of voluntariness and the uniqueness of each admission this court finds that the tripartite test has been met, and the value of the testimony sought outweighs the constitutionally based privilege against disclosure.
Capital Newspapers and Ms. Vecsey also seek the qualified protection of section 79-h of the Civil Rights Law, which in a recent amendment codifies the three-part test adopted in O’Neill (supra), and extends the privilege to unpublished, nonconfidential information and sources. Prior to this amendment (which became effective on Nov. 1, 1990), the Shield Law afforded protection only to information and sources obtained on a confidential basis. (See, Matter of Knight-Ridder Broadcasting v Greenberg, 70 NY2d 151.)
Where, as here, the source has been identified, confidentiality is not at issue, and Civil Rights Law § 79-h, as it read at the time this subpoena was issued, clearly did not offer Capital Newspapers or Ms. Vecsey the protection they seek.
Nor does the recent amendment to section 79-h compel this court to recognize a privilege for a reporter to refuse to testify concerning nonconfidential, published information.
The purpose of the amendment to section 79-h was "[t]o clarify the Shield Law as it applies to confidential and non-confidential information or sources of information.” (Mem of State Executive Dept, 1990 McKinney’s Session Laws of NY, at 2331.)
The new subdivision (c) of section 79-h, in pertinent part, reads, "no professional journalist or newscaster * * * shall be adjudged in contempt by any court * * * for refusing or failing to disclose any unpublished news” (L 1990, ch 33, § 2 [emphasis added]).
In view of the recent enactment of this provision, the "plain meaning” of the word "unpublished”, and its specific inclusion within the language of the statute, it is clear that had the Legislature intended to provide comprehensive protection to *634 published information from a disclosed source, it would have done so.
Therefore, movants by knowingly publishing excerpts of the interview with the defendant, along with his identity, have waived the statutory privilege with respect to the published portions of that interview.
Accordingly, movants’ motion to quash the subpoena of September 6, 1990, is denied in all respects.