[831 NE2d 407, 798 NYS2d 350]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES COMBEST, Appellant. HYBRID FILMS, INC., Proposed Intervenor.

Decided May 3, 2005

860

**APPEARANCES OF COUNSEL**

*Appellate Advocates*, New York City (*Lynn W.L. Fahey* of counsel), for appellant.

*Charles J. Hines, District Attorney*, Brooklyn (*Shulamit Rosenblum* of counsel), for respondent.

*Levine Sullivan Koch & Schulz, L.L.P.*, New York City (*David A. Schulz, Robert Penchina* and *Alia L. Smith* of counsel), and *Cameron Stracher*, Westport, Connecticut, for proposed intervenor.

**OPINION OF THE COURT**

MEMORANDUM.

The motion by nonparty Hybrid Films, Inc. to intervene should be denied and the motion for reargument dismissed.

■ ■ Hybrid moves to intervene in the appeal of this criminal action and for reargument, contending that it had no notice of the appeal, in whose outcome it asserts that it had a direct interest. The Criminal Procedure Law provides no mechanism for a nonparty to intervene or be joined in a criminal case. A nonparty wishing to supplement the arguments made to a court on an issue of law may seek leave to appear as amicus curiae. In this case, the Court of Appeals filing setting forth the issues under consideration was available to the public and published, together with a solicitation for amici, in the New York Law Journal. Since Hybrid has no right to intervene in this criminal appeal, its motion for reargument should be dismissed on the ground that Hybrid was not a party to the appeal. In any event, we note that each of Hybrid's arguments respecting the journalist's privilege was advanced by the People and that all of Hybrid's affidavits and memoranda of law submitted below, while not included in defendant's appendix, were contained in the original court file before this Court.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSENBLATT, GRAFFEO, READ and R.S. SMITH concur.

Motion to intervene denied and motion for reargument dismissed in a memorandum.