OPINION OF THE COURT
Lester B. Abler, J.
By order to show cause dated February 12, 2007, counsel for nonparty journalist Brian Howard has moved for an order quashing a subpoena to appear and give testimony at the trial of the defendant upon the ground that it would violate the privilege accorded him by the First Amendment of the United States Constitution and Civil Rights Law § 79-h (the Shield Law).[1] In response, the defendant, by his attorney Nicholas Maselli, Esq., has submitted an affirmation in opposition dated February 27, 2007, to which the nonparty movant filed a reply memorandum dated March 1, 2007. Upon consideration of all the pleadings filed in connection with this matter, as well as the oral argument heard on March 2, 2007, the following constitutes the decision and order of the court.
It is undisputed that Brian Howard, as a staff writer for the Journal News, is a professional journalist within the meaning of Civil Rights Law § 79-h (a) (6) and, as such, is entitled to claim the qualified privilege. Notwithstanding his right to claim such privilege, defendant contends in his affirmation in opposition that since the information was published in the Journal News, the qualified privilege contained in Civil Rights Law § 79-h (c) is inapplicable. In the alternative, defendant argues that he has made the requisite clear and specific showing to satisfy the tripartite test contained in Civil Rights Law § 79-h.[2]
*501 In the present case, defendant is charged with driving at an extremely high rate of speed along with the codefendant, and that as a result of this conduct, they recklessly caused the death of the passenger in the codefendant’s vehicle. On the direct case, the People called Mr. John Borras, a civilian witness who testified that upon hearing a crash he responded to the scene of the accident. Mr. Borras further testified that he spoke with the driver of the red vehicle, Mr. Nasser, who stated he had been racing another vehicle and had sped up in an attempt to keep the other driver from passing him. In the newspaper article authored by Mr. Howard, it was reported that Mr. Borras had spoken with the driver of the Civic, who had stated “he had been racing another vehicle and had sped up and was in third gear at the time of the crash, trying to keep the other driver from passing him.” According to the testimony elicited during the bench trial, the driver of the Civic was the codefendant, Eladio Gonzalez. Upon cross-examination by defense counsel, Mr. Borras denied he had ever spoken to the driver of the Civic, and when asked to explain the discrepancy between his trial testimony and the statement contained in the newspaper article, Mr. Borras testified that the reporter was mistaken.
The theory of defendant’s culpability for the death of the passenger in the codefendant’s vehicle is predicated upon conduct of operating his vehicle at an extremely high rate of speed along with the codefendant and his reckless disregard that such conduct could cause the death of another human being. This being the only statement attributable to defendant in which he admits to participating in such conduct, it is highly relevant and material to this case. The general rule of evidence in New York concerning the impeachment of witnesses prohibits the use of extrinsic evidence to impeach a witness on a matter that is merely collateral (People v Pavao, 59 NY2d 282, 289 [1983]). However, the rule has no application where, as here, the issue to which the evidence relates is material in the sense that it is relevant to the very issues that the trier of fact, that being the court, must decide (People v Knight, 80 NY2d 845, 847 [1992]). The proper foundation having been laid by defense counsel during cross-examination, defendant may show that Mr. Borras *502 has, on another occasion, made oral statements which are inconsistent with some material part of his trial testimony (see People v Duncan, 46 NY2d 74 [1978], cert denied 442 US 910 [1979]).
During oral argument, defense counsel clearly stated that testimony regarding the contents of the statement as contained in the newspaper article is the only testimony which he intends to elicit from Mr. Howard. Defense counsel further clarified for the record that, although the subpoena seeks the production of Mr. Howard’s notes and other documents, he has no intention of seeking any testimony regarding the circumstances under which the statement was made. It is the finding of this court that insofar as defendant only seeks to elicit testimony regarding the contents of the statements made by Mr. Borras to Mr. Howard that were published in the April 3, 2006 edition of the Journal News, Mr. Howard has waived his statutory privilege with respect to those statements (see Civil Rights Law § 79-h [g]; People v Craver, 150 Misc 2d 631, 634 [1990]).[3]
Movant further contends that this information is shielded by the First Amendment to the United States Constitution and article I, § 8 of the New York State Constitution. As stated above, Mr. Borras’s testimony attributes a statement to the defendant which is highly material and relevant, and which will weigh heavily in the court’s ultimate determination as to whether the People have met their burden of proving beyond a reasonable doubt that defendant is guilty of the charges contained in the indictment. Consequently, the credibility of Mr. Borras’s testimony with respect to this alleged statement by the defendant is critical and necessary to the defense. As stated by the Appellate Division, Second Department, “[t]he Sixth Amendment to the United States Constitution guarantees the right of every criminal defendant to be confronted with the witnesses against him, including the right of cross-examination” (People v Le Grand, 67 AD2d 446, 452 [1979] [internal quotation marks omitted], quoting Douglas v Alabama, 380 US 415, 418 [1965]). In order to effect this right, “prior inconsistent statements are instrumental to an attack on the credibility of an adversarial witness” (id.). Since the defendant’s right to a *503 fair trial encompasses therein a right of access to impeachment evidence, the published information is not protected by the First Amendment to the United States Constitution or article I, § 8 of the New York State Constitution {id. at 454).
Under the factual circumstances presented in this case, it is the finding of the court that there has been an insufficient showing to justify quashing the subpoena.

. Since this is a motion to quash a subpoena duces tecum, there is no issue as to the ripeness of the issues raised in the nonparty’s motion (see Matter of Beach v Shanley, 62 NY2d 241, 248 [1984]).

. Prior to the 1990 amendment to Civil Rights Law § 79-h, New York’s Shield Law only provided absolute protection to a reporter’s confidential sources and materials (see Matter of Knight-Ridder Broadcasting v Greenberg, 70 NY2d 151 [1987]). Notwithstanding the lack of a statutorily-recognized privilege for nonconfidential materials, in O’Neill v Oakgrove Constr. (71 NY2d 521, 528 [1988]), the Court of Appeals concluded that the guarantee of free press contained in the Constitution of New York “mandates the protection afforded by the qualified privilege to prevent undue diversion of journalistic effort and disruption of press functions.” The Court further adopted a tripartite test whereby “discovery may only be ordered if the liti *501 gant demonstrates, clearly and specifically, that the items sought are (1) highly material, (2) critical to the litigant’s claim, and (3) not otherwise available” (id. at 527). In 1990, the Legislature enacted Civil Rights Law § 79-h (c) in which it codified the three-pronged test adopted by the Court of Appeals in O’Neill, making it applicable to both civil and criminal proceedings (see People v Combest, 4 NY3d 341, 345 [2005], rearg dismissed 4 NY3d 859 [2005]).

. It should be noted that nothing in this court’s decision prohibits the witness from claiming the privilege with respect to any testimony sought to be elicited by defense counsel that arguably constitutes unpublished information which falls outside the parameters of the testimony discussed during oral argument.