People v Conley (2018 NY Slip Op 06647)





People v Conley


2018 NY Slip Op 06647


Decided on October 5, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, TROUTMAN, AND WINSLOW, JJ.


944 KA 17-02073

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KAITLYN CONLEY, DEFENDANT. GATEHOUSE MEDIA NEW YORK HOLDINGS, INC., AND JOLENE CLEAVER, INTERVENORS-APPELLANTS. (APPEAL NO. 1.) 






GREENBERG TRAURIG, LLP, ALBANY (MICHAEL J. GRYGIEL OF COUNSEL), FOR INTERVENORS-APPELLANTS.
SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT.


 Appeal from an order of the Oneida County Court (Michael L. Dwyer, J.), entered November 9, 2017. The order, insofar as appealed from, denied the motion of GateHouse Media New York Holdings, Inc., and Jolene Cleaver for access to juror identifying information. 
It is hereby ORDERED that said appeal is unanimously dismissed and the order is vacated.
Memorandum: In April and May 2017, defendant Kaitlyn Conley was tried for murder in the second degree (Penal Law § 125.25 [1]) in County Court arising out of the fatal poisoning of Mary Yoder, Conley's employer and the mother of her boyfriend. The trial resulted in a hung jury, and a second trial commenced in October 2017. On October 31, 2017, and before the jurors had begun deliberating, Jolene Cleaver, a reporter for a newspaper published by GateHouse Media New York Holdings, Inc. in the City of Utica (intervenors), left a telephone message with the court requesting the names and addresses of the jurors seated in the Conley trial. A formal written request for the information was not submitted, and the court denied the request.
Later on October 31, 2017, counsel for the intervenors submitted a letter motion to the court seeking, inter alia, the names and addresses of the empaneled jurors. Copies of the motion were sent to Conley's defense counsel and the Oneida County District Attorney. An oral argument on the motion was held on November 3, 2017, which was after the jury had begun deliberations. During oral argument, counsel for the intervenors amended his motion to include a request for the juror questionnaires that had been used during voir dire. At the conclusion of oral argument, the court issued an oral decision denying the motion. On November 9, 2017, and after the jury had returned a verdict finding Conley guilty of manslaughter in the first degree (Penal Law § 125.20) and not guilty of murder in the second degree, the court's oral decision was reduced to an order.
Subsequently, the District Attorney requested further oral argument on the motion and the court granted that request. On December 19, 2017, and after the further oral argument, the court issued a written decision and order that set forth in detail the basis for the denial of the intervenors' motion. In appeal No. 1, the intervenors appeal from the order issued on November 9, 2017 and, in appeal No. 2, they appeal from the order issued on December 19, 2017.
Although it was not raised during proceedings on the intervenors' motion, it is well established that "[t]he Criminal Procedure Law provides no mechanism for a nonparty to [*2]intervene or be joined in a criminal case" (People v Combest, 4 NY3d 859, 860 [2005]). Moreover, even assuming, arguendo, that the mechanism for intervening in an action set forth in the Civil Practice Law and Rules authorizes such an intervention in a criminal case (see CPLR 1013), we note that there is a statutory requirement that "[a] motion to intervene shall be accompanied by a proposed pleading setting forth the claim or defense for which intervention is sought" (CPLR 1014), and thus the court here would have "had no power to grant . . . leave to intervene" without a proposed pleading from the intervenors (Matter of Colonial Sand & Stone Co. v Flacke, 75 AD2d 894, 895 [2d Dept 1980]; see Matter of Zehnder v State of New York, 266 AD2d 224, 224-225 [2d Dept 1999]; Rozewicz v Ciminelli, 116 AD2d 990, 990 [4th Dept 1986]). Consequently, in each appeal we must vacate the order and dismiss the appeal.
Entered: October 5, 2018
Mark W. Bennett
Clerk of the Court